**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN MORRIS MOSES, SR.,

Petitioner-Appellant,

v.

MIKE MULLIN,[*]

Respondent-Appellee.

No. 05-5008

(N. D. Oklahoma)

(D.C. No. 00-CV-501-CVE)

**ORDER**

Before **EBEL, McKAY**, and **HENRY**, Circuit Judges.

Martin Morris Moses, Sr., an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's decision denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the reasons set forth below, we deny Mr. Moses's application for a COA and dismiss this appeal.

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Mullin is substituted for Gary E. Gibson as the Respondent in this action.

## I. BACKGROUND

In Tulsa County District Court, a jury convicted Mr. Moses of (1) larceny of merchandise from a retailer and (2) resisting arrest. In a second prosecution, a jury convicted Mr. Moses of (3) two counts of assault and battery on a police officer and (4) speeding. The court sentenced Mr. Moses to twenty years' imprisonment on the larceny conviction, one year on the resisting arrest conviction, and twenty years on each of the assault and battery convictions. The court ordered assault and battery sentences to be served concurrently with one another but consecutively with the larceny and resisting arrest convictions.

In the trial on the larceny and resisting arrest charges, Mr. Moses represented himself throughout the proceedings. In the second trial, Mr. Moses began by proceeding pro se but then requested counsel midway through the second day. The court then appointed a public defender to represent Mr. Moses during the remainder of the trial, which concluded on the third day.

During the February 16, 1999 sentencing proceedings, Mr. Moses requested that he be allowed to proceed pro se on appeal. He presented a signed affidavit, which stated:

> 1. The District Court has explained, and I fully understand, the nature of the crime of which I have been convicted and the severity of the punishment imposed upon me.

2. I understand that I have a constitutional right to the assistance of an attorney in taking an appeal of the judgment against me to the Oklahoma Court of Criminal Appeals and to have an attorney appointed for me if I am unable to afford one.

3. I understand the knowledge and experience an attorney can provide me.

4. I understand that the conviction(s) I am appealing, if affirmed by the Oklahoma Court of Criminal Appeals, might be used to enhance the punishment for crimes for which I am convicted of in the future.

5. I understand that in seeking to take my appeal without assistance of an attorney I am assuming sole responsibility for perfecting and pursuing my appeal in accordance with the Rules of the Oklahoma Court of Criminal Appeals, 22 O.S. 1981, Ch. 18, App., and in accordance with the laws of the State of Oklahoma. I understand that, if I fail to so perfect and pursue my appeal, neither the Oklahoma Court of Criminal Appeals not any official of the State of Oklahoma is required, or responsible, to correct such failure.

6. I understand that I am precluded from raising, in any subsequent proceeding before this Court, any issue which was raised or could have been raised in my direct appeal. I also understand that I am precluded from raising, in any subsequent proceeding before any court, these issues which could have been raised and any issue concerning the effective assistance of counsel in taking my appeal.

7. I acknowledge that I have not, in any way, been compelled or coerced into waiving and relinquishing my right to assistance of an attorney in taking my appeal. I further acknowledge that I am competent

to make said waiver and relinquishment and that it is made knowingly, intelligently and voluntarily.

8. I acknowledge that I have consulted an attorney about my decision to waive an relinquish my right to assistance of an attorney in taking my direct appeal and understand the dangers and requirements I am assuming in representing myself in this matter.

9. I acknowledge that I have been fully advised on my right to assistance of an attorney to take my appeal and the consequences of wa[i]ving and relinquishing same.

10. I herewith voluntarily waive and relinquish my right to an attorney, either retained or appointed, to represent me on appeal, and request the Oklahoma Court of Criminal Appeals to so find and allow me to represent myself in all further matters relating to this appeal.

Rec. doc. 20, exs. A & B. The Tulsa County District Court granted Mr. Moses's request and allowed him to proceed pro se on appeal.

Mr. Moses commenced the appeals of his convictions and sentences pro se. However, on September 21, 1999, he filed a motion with the Oklahoma Court of Criminal Appeals (OCCA) requesting appointment of counsel. He asserted that "I am a lay person in the law and that combined with the fact that I'm only allowed two (2), three (3) visits per week to the law library . . . . There's no way that I could bring forth any type of appeal briefs with the time allotted." Rec. doc. 20, ex. F. He also asserted that he had been unable to obtain certain documents,

-4-

including certified copies of judgments and sentences and the transcript of a revocation proceeding.

The OCCA directed Mr. Moses to file his request for counsel in the Tulsa County District Court. Mr. Moses did so, but the court denied his motion. It characterized Mr. Moses's motion as an eleventh-hour request, noting that eight months had passed since he had requested to proceed pro se and that only ten days remained before Mr. Moses's appellate brief was due. The court concluded that Mr. Moses had waived his right to appellate counsel and had presented insufficient grounds to rescind the waiver.

The OCCA then set a final deadline for the filing of Mr. Moses's opening brief. Additionally, it found "nothing in the record to dispute the [Tulsa County] District Court's findings [that Mr. Moses had waived his right to appellate counsel]." Id., ex. J. After Mr. Moses failed to submit appellate briefs, the OCCA dismissed his appeals.

Mr. Moses filed a 28 U.S.C. § 2254 habeas corpus petition challenging his convictions. He asserted that (1) his waiver was invalid and, as a result, the state had deprived him of his constitutional right to appellate counsel; and (2) state officials had refused to provide him with complete records of two felony convictions, in violation of his rights under the First, Fifth, Sixth, and Fourteenth Amendments.

The federal district court denied Mr. Moses's petition. As to the alleged violation of the right to appellate counsel, the court concluded that "[t]he record . . . demonstrates convincingly that Petitioner's waiver of appellate counsel was made knowingly and intelligently." Rec. doc. 68, at 8 (Order, filed Jan. 7, 2005). As to the alleged denial of access to records, the court concluded that the claim was procedurally barred.

## II. DISCUSSION

In order to obtain a COA, Mr. Moses must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id.

As the district court observed, under the Antiterrorism and Effective Death Penalty Act (AEDPA), Mr. Moses is entitled to habeas corpus relief only if the state court's adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

-6-

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Under the contrary to clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Moreover, we must presume that the state court factual findings are correct. The burden is on Mr. Moses to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Applying these standards, we conclude that Mr. Moses is not entitled to a COA for substantially the same reasons set forth in the district court's well-reasoned January 7, 2005 order.

As to Mr. Moses's denial of appellate counsel claim, we note that the Tulsa County District Court made factual findings that Mr. Moses was "literate, competent, and informed and therefore [could] intelligently waive and relinquish his right to assistance of an attorney in perfecting/pursuing an appeal to the [OCCA]." Rec. doc. 21, ex. D. Mr. Moses has failed to rebut this finding with clear and convincing evidence.

Moreover, the Tulsa County District Court's conclusion that Mr. Moses had offered insufficient grounds to rescind the waiver was not unreasonable. In light of his knowing and intelligent waiver, Mr. Moses failed to offer a sufficient explanation as to why he was unable to prosecute his appeal pro se. See United States v. Reddeck, 22 F.3d 1504, 1510-11 (10th Cir. 1994) ("Once the defendant has elected either to waive appointed counsel or waive the constitutional right to defend himself, he does not have an unlimited right to thereafter change his mind and seek the other path of representation.").

As to Mr. Moses's claim of denial of access to records, we agree with the district court that he failed to present the claim to the state courts and has failed to establish either cause and prejudice or a fundamental miscarriage of justice sufficient to warrant our consideration of it. See Coleman v. Thompson, 501 U.S. 722, 750, (1991); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998).

## III. CONCLUSION

Accordingly, for substantially the same reasons set forth in the district court's order, we DENY Mr. Moses's application for a COA and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge

-8-